UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DAVID SNELL GABRIEL                      CIVIL ACTION

VERSUS                                   NO: 10-4508

MICHAEL ASTRUE, COMMISSIONER             SECTION: R(5)
OF SOCIAL SECURITY
ADMINISTRATION

**ORDER**

The Court, having reviewed *de novo* the complaint,[1] David Snell Gabriel's motion for summary judgment,[2] defendant's motion for summary judgment,[3] the record,[4] the applicable law, the Magistrate Judge's Report and Recommendation,[5] and Gabriel's objection thereto,[6] hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

In his objection to the Magistrate Judge's Report, Gabriel argues that the ALJ erred in failing to provide an explanation for rejecting the opinion of Gabriel's treating physician, Dr. Ducombs, or detail the weight accorded to his opinion.[7] Gabriel

---

[1]   R. Doc. 1.

[2]   R. Doc. 15.

[3]   R. Doc. 18.

[4]   R. Doc. 13.

[5]   R. Doc. 19.

[6]   R. Doc. 20.

[7]   R. Doc. 20 at 1.

first argues that the ALJ erred because he did not expressly indicate the reasons for the particular weight he accorded to each opinion.  In support of his argument, Gabriel relies on *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000).  *Newton*, however, held that the ALJ must expressly consider the 20 C.F.R. § 404.1527(d) factors only when he declines to give "any weight" to the opinions of the claimant's treating specialist.  *Id.* at 456 ("This court now similarly holds that an ALJ is required to consider each of the § 404.1527(d) factors before declining to give any weight to the opinions of the claimant's treating specialist.").  In this case, the ALJ did not completely reject Dr. Ducombs's opinions.  Instead, as detailed in the Report, the ALJ found that Gabriel suffered from thoracic outlet syndrome, arthritis, anxiety, and alcohol abuse.[8]  These findings are consistent with Dr. Ducombs's diagnoses.[9]

   Gabriel's second argument, that the ALJ focused only on evidence in support of his position, utterly lacks merit.  Gabriel contends that "in a letter dated August 5, 2008, Dr. Ducombs indicated that the Plaintiff could no longer work,"[10] which supports his position that he can no longer perform any work.  The letter to which Gabriel refers, however, states "As

---

[8]   R. Doc. 13-2 at 20.

[9]   R. Doc. 13-7 at 15-16, 56-57, 64-67.

[10]   R. Doc. 20 at 3.

[Gabriel] is a carpenter and requires use of his hands, he says he can no longer work."[11]  The letter does not state the opinion of Dr. Ducombs, but rather notes Gabriel's own opinion of his work prospects.

Accordingly,

Defendant's motion for summary judgment is GRANTED. Gabriel's motion for summary judgment is DENIED and his petition for review of the final decision of the Commissioner of the Social Security Administration is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 15th day of March, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[11]    R. Doc. 13-7 at 66.